***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 17, affirmed April 19, 2023

ANDREW GUY MORET,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A176956

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (board). In his sole assignment of error, he argues that the board erred in denying his request for a murder review hearing. He makes four arguments to that end. We affirm.

First, petitioner argues that the board failed to comply with OAR 255-032-0005(1), which provides, in relevant part:

> "A person convicted of Murder under ORS 163.115 that was committed on or after June 30, 1995, and who was sentenced to life with a twenty-five (25) year minimum shall receive a hearing within one year of sentencing. At the hearing the Board shall set a review date congruent with the minimum terms set forth in OAR 255-032-0010 rather than a parole release date. In lieu of holding a hearing, the Board may determine the prison term/murder review date by administrative file pass."

After petitioner filed his opening brief, the board set petitioner's murder review date—September 15, 2040—by administrative file pass. Consequently, no further relief is available on petitioner's first argument.

Second, petitioner argues that the board's order is not supported by substantial evidence because it contains a factual error regarding the order in which petitioner's consecutive sentences are to be served and, consequently, misstates that petitioner's murder review date is in 2045 rather than 2040. That issue has also been resolved since the opening brief was filed, as noted above.

Third, petitioner argues that "given petitioner's stated desire for the board's guidance in his rehabilitation, the board's failure to explain why it was rational to deny him a hearing to receive that guidance means that its order lacks substantial reason." It is the board's choice whether to set the murder review date at a hearing or by administrative file pass. The board did not abuse its discretion in choosing the latter option. Moreover, petitioner has not explained why the board would be required to discuss rehabilitation with him as part of setting the murder review date.

Finally, petitioner argues in the alternative that the board should have treated his request for a murder review hearing as a request for a "personal interview" hearing. The board did not err by ruling on the request that petitioner actually made.

Affirmed.